IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

MOHAMMED A. SALEH
    Movant

Vs.

Case No. 93-cr-181

UNITED STATES OF AMERICA
    Respondent

## ANSWER TO THE GOVERNMENT'S RESPONSE TO THE MOTION PURSUANT TO 28 U.S.C. § 3582

Now comes Mohammed A. Saleh, hereinafter "Movant," pro se and respectfully answers the government's response to the Federal Rules of Civil Procedure 60(b) motion file in this case. In the initial motion Movant sought relief pursuant to Rule 60(b) because at the time of sentencing, the "court's ability to assess whether Movant was deserving of the requested reduction" pursuant to § 3B1.2 was arrested by an erroneous understanding of said guideline provision. **Initial Motion at 2.** Such a situation is analogous to the cases cited by Movant in the "Availability of Rule 60(b)" section of the motion. **See Initial Motion at 2-4.** Indeed, in **Gonzalez v Crosby**, the Supreme Court held that the 60(b) motion in that case was a proper 60(b) pleading where the district court's erroneous reading of a rule prevented it from assessing the merits of the petitioner's claims. **Id.** Based on this similarity, Movant asked the court to reopen the prior proceeding in this case "in order to render a merits based determination" of the original request. **Id at 6.** The backdrop of Movant's claim that the court's erroneous reading of § 3B1.2 precluded a true decision on the merits was Amendment 794. As stated in the initial motion, Amendment 794 showed that the court failed to consider the factors necessary to determining whether a reduction pursuant to § 3B1.2 was warranted. In that vein Movant did not receive a "fair

1

opportunity to be considered for the reduction." **Initial Motion at 5.** Thus, a true 60(b) issue was raised.

In its response, the government claims that: (1) Movant impermissibly attempts to attack his sentence through the motion; (2) Movant did not raise the issues presented here in any prior petition for habeas relief; and (3) that the motion should be construed as a § 3582 motion and denied. Movant will address each claim in turn.

### 1. The motion does not attack the sentence.

As previously stated, the government's response accuses that the 60(b) motion impermissibly attempts to attack the sentence. However, this accusation has no merit whatsoever. Far from asking the court to vacate the sentence that was imposed, the motion merely asked the court to reopen the prior proceeding so that, with the benefit of the clarifying amendment, it may have an opportunity to assess whether Movant's role in the offense warrants a § 3B1.2 reduction. Such a request seeks to allow the court to make a true merits based determination since it was prevented from doing so before. Perhaps the best way to illustrate the reality that the motion does not seek to attack the sentence is to point out the fact that the granting of the motion would lead to the reopening of the prior proceeding not a vacated sentence. Therefore, the government's contention should be disregarded.

### 2. Claim did not need to be raised in a habeas proceeding.

The government also contended that Movant "did not raise the issue presented here in any prior petition for habeas relief [.]" However, based on the plain text of Rule 60(b), a court is allowed to relieve a party from a final judgment, order, or proceeding when one of the listed conditions is met. Inasmuch as the Rule 60(b) motion in this case was aimed at a prior proceeding where the court was prevented from making a true merits based determination of a request due to an

erroneous understanding of the provision in question, the motion has complied with the demands of Rule 60(b). Therefore, there was no need to raise the compliant in an earlier habeas proceeding. Furthermore, at the time of Movant's § 2255 proceeding, Amendment 794, the very provision that gave rise to Movant's claim by exposing a flaw in the integrity of the proceeding in question, was not available. That is, the claim could not have been raised at an earlier time.

### 3. The motion should not be construed as a § 3582 motion.

The government's response also suggested that "the court could construe [the] motion as something other than one under Rule 60(b)." **id.** Clarifying that suggestion the response goes on to inform that when "[f]aced with a habeas petition attacking a sentencing determination, courts 'properly construe [such a petition] as a motion to reduce . . . pursuant to 18 U.S.C. § 3582(c).'" **id quoting Garcia v United States, 12-cr-00932 (S.D.N.Y. 1-1-17)**. Such a notion is misplaced in this case since the motion is clearly seeking to have the court reopen the prior proceeding to allow it to determine, under the correct standard, whether it will grant Movant's original request for a reduction pursuant to § 3B1.2 of the Guidelines. Since this type of scenario was already shown to comport with Rule 60(b) in that it attacks the manner in which the prior proceeding was procured, the notion that the court should construe the motion as anything other than a 60(b) motion should be disregarded. To be sure, a § 3582(c) motion seeks to obtain a reduced sentence based on a retroactive Amendment in the Guideline. In contrast, Movant's motion seeks to reopen a proceeding based on the fact that that the court's ability to reach a merits based determination was hindered due to an erroneous understanding of the relevant provision.

Simply stated, Movant has filed a true 60(b) motion. The motion attacks the integrity of a prior proceeding in that it was infected by an erroneous understanding of § 3B1.2. The net result of this erroneous understanding was that the court was not able to exercise its discretion to

determine whether a reduction was warranted. A reopening of the proceeding to allow the court, under the clarified standard, to exercise its discretion and reach a decision on the merits of the claim is sought, not a vacated sentence or conviction. Moreover, Movant has also alleged extraordinary circumstances in that absent the granting of this motion an extreme and undue hardship would occur. That is, without out Rule 60(b) relief no other judicial avenue for relief would be available. Such a prospect is unfair to Movant since the very provision that demonstrates that the court's original judgement was compromised with error did not become available until now. Further, under the correct understanding of § 3B1.2 the court may very well find that Movant's role in the offense was deserving of the requested role reduction. However, without 60(b) relief the court would be unable to render such a decision. Ultimately, Movant would be unable to be considered for a provision that the court may very well be inclined to grant.

## Conclusion

Movant has raised a true 60(b) issue in his initial motion. It does not seek to challenge the sentence imposed, its claims need not have been raised in a former habeas proceeding in order to be cognizable under Rule 60(b), and the motion should not be construed as a § 3582 motion. The government's response fails to demonstrate otherwise. Therefore, this court is asked to reopen the prior proceeding so that it may utilize the correct standard and reach a decision on the merits of Movant's claim.

Respectfully submitted on this 9th day of April 2018.

/s/ *Mr Saleh* /s/

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the following answer to the government's response to the Rule 60(b) motion was sent to the United States at the following address:

> Kyle Wirshba A.U.S.A.
> US Department of Justice
> United States Attorney's Office
> One Saint Andrew's Plaza
> New York, New York 10007

This was accomplished by placing the same in the prison mailing system on the __10__ day of April 2018.

/s/ _M. Saleh M_