UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMED A. SALEH, Petitioner,

             -against-                                  1:93-cr-00181 (WHP)

UNITED STATES OF AMERICA, Respondent.

<u>MOTION FOR RECONSIDERATION</u>

     COMES NOW Mohammed A. Saleh, hereinafter "movant" pro se, who respectfully requests

that this Honorable Court correct a wrong judgment by this Court in denying movant's Rule 60(b)

motion regarding his minor role adjustment, and states the following:

      1)      The District Court, in denying movant's motion, incorrectly determined movant's

motion as a second or successive habeas petition;

      2)      The District Court, in denying movant's Rule 60(b) motion, ignored rulings

by the United States Court of Appeals in two cases: <u>U.S. v. Soborski</u>, 708 F.Appx. 6, 10-

14 (2nd Cir. 2017) and <u>U.S. v. Marlin Alston</u>, 899 F.3d 135 (June 6, 2018 2nd Cir.)  The

USCA stated: "denying under incorrect standard request for a guidelines role reduction

would seriously affect petitioner rights and the fairness of the proceedings against him."

In <u>Merlin Alston</u> the USCA cited the Sentencing Commission's use of movant's case, <u>U.S.</u>

<u>v. Rahman,</u> as an example of the reason for Amendment 794:

> "...government in its submission to the Court and continued to cite our Circuit's
> minor role standard dating <u>before</u> Amendment 794 took effect.  To the extent the government
> intends to argue that our interpretation of Section 3B1.2 in the earlier Guidelines Manual has
> survived Amendment 794, <u>we must reject that argument</u>."  (emphasis added)

      3) Movant revised the argument regarding his minor role adjustment both at his sentencing and

on his appeal;

4) The District Court claimed it could not find movant's record. However, the Court did not ask movant for the record, and movant is ready to provide this Court with all documents regarding his sentencing and appeal;

5) Movant did not ask this Court for a Correction of his sentence. Rather, he asked for a hearing based on Amendment 794 and on the rulings of the Court of Appeals mentioned above for this Court to decide if the District applied the correct standard or not in his sentencing.

For the reasons mentioned above, movant prays this Court reconsider its denial of movant's motion, and grant him a hearing. Justice delayed is justice denied.

Dated: October 1, 2021

Respectfully submitted,

Mohammed A. Saleh, #34853-054
FCI Beckley
PO Box 350
Beaver, WV 25813

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


Mohammed A. Saleh, Petitioner

    -against-                              1:93cr181  (WHP)

United States of America, Respondent


### CERTIFICATE OF SERVICE

    I,  Mohammed A. Saleh, certify under penalty of perjury that on October 1, 2021 I served a

copy of the enclosed Motion for Reconsideration on the following:

                    Kyle Wirshba
                    US Attorney's Office
                    Southern District of NY
                    One St. Andrew's Plaza
                    NY, NY 10007

                                              Mohammed A. Saleh, #34853-054

Mohammed A. Saleh
#35053-054
FCI Beckley
PO Box 350
Beaver, WV 25813

USM
SDNY
5W

ProSe Intake Unit
Clerk of the Court
USDC SDNY
U.S Courthouse
500 Pearl Street
NY NY 10007

SDNY PRO SE OFFICE
2021 OCT -5 PM 2: 35